**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - -X
CARLOS RODRIGUEZ,             :
                             :
                Petitioner,  :
                             :
   -against-               :
                             :   01 Civ. 9374(JFK)
                             :
                             :   **OPINION and ORDER**
E.R. DONNELLY, Superintendent,   :
                             :
                Respondent.  :
- - - - - - - - - - - - - - - - - -X

<u>APPEARANCES</u>:


     For Petitioner Carlos Rodriguez:

        LEWIS & FIORE
        225 Broadway, Suite 3300
        New York, New York 10007
        Of Counsel:  David L. Lewis, Esq.


     For Respondent E.R. Donnelly, Superintendent:

        ROBERT M. MORGENTHAU
        District Attorney of New York County
        One Hogan Place
        New York, New York 10013
        Of Counsel:  ADA Morrie I. Kleinbart


**JOHN F. KEENAN, United States District Judge**

JOHN F. KEENAN, United States District Judge:

<u>INTRODUCTION</u>

Carlos Rodriguez ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has also been known as Alberto Carrion.  As any reader will surely recognize, this case has a tortured procedural history.  The undersigned is, hopefully, among the last in a series of over ten members of the federal and state judiciary who have passed on an application of the Petitioner's.  For the reasons that follow, the Court conditionally grants the petition.

<u>BACKGROUND</u>

A.   <u>Petitioner's Intent to Appeal His Conviction</u>

Petitioner was arrested in Manhattan on April 4, 1994.  He was charged in New York County Indictment No. 3131/94 with Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02).  He was convicted after trial.  On July 15, 1996, the Honorable Carol Berkman, Supreme Court, New York County, sentenced him as a predicate felon to an indeterminate term of three to six years' imprisonment. (7/15/96 Sent. Tr. at 11.)[1]  Before Justice Berkman passed sentence, Petitioner's trial attorney, Richard Landes, Esq., stated the following: "And Mr.

---

[1] Petitioner did not challenge a prior conviction of Burglary in the Second Degree (N.Y. Penal Law § 140.25) in Supreme Court, Westchester County. (Sent. Tr. at 2-3.)  The Sentencing Transcript ("Sent Tr.") appears at Exhibit E to Respondent's Answer and Exhibits, dated March 15, 2002.

Rodriguez has asked me to place on the record that he is going to appeal this conviction." (Sent. Tr. at 10.)  After sentencing, Mr. Landes stated: "I have given the defendant notice of his right to appeal and have advised him of his appellate rights." (Sent. Tr. at 12.)

The "notice" to which Mr. Landes referred is a one-page form titled "NOTICE OF RIGHT TO APPEAL" ("Notice").[2]  The Notice directs the defense attorney to give a copy to the client "and state on the record that the defendant has been given written notice of his right to appeal."  This was done.  Addressing the defendant, the Notice instructs: "In order to exercise this right [to appeal], you must file a NOTICE OF APPEAL within thirty (30) days.  This form can be obtained from the Clerk of the Court.  If you desire your present attorney to file this notice, you must fill out and give or mail to him the bottom part of this page."  Finally, the Notice provides that defendants without funds must contact the Appellate Division after filing their notice of appeal and request assignment of counsel and permission to proceed on the original record.  At a hearing on this motion before the assigned magistrate judge, the Honorable Andrew J. Peck, Petitioner admitted that he received the Notice.  (Tr.,

---

[2] The Notice appears at Exhibit A to Respondent's Reply Memorandum of Law, dated July 24, 2002.

3

2/6/03, at 20, 31-32, 40-41.)[3]  It appears from the record,
however, that he failed to complete the section directing his
attorney to file the notice of appeal.  At one point, he
testified that he lost the Notice. (Tr., 2/6/03, at 41.)

On February 4, 1997, Petitioner appeared at a Parole
Board Hearing at the Wende Correctional Facility in Alden, New
York, where he was serving his sentence.  He engaged in the
following colloquy with one of the parole commissioners:

Q: I do note from your folder that you're
currently serving a criminal possession of a
weapon, third degree, that you've been sentenced to
three to six years; correct?

A: Yes.

Q: And you pled – or excuse me, that was on a
verdict?

A: Yes.

Q: And you went to trial and you were found
guilty?

A: Yes.

Q: Okay.  Do you have any appeals pending on
that?

A: Yes.

_____

[3] The transcript of this hearing appears in the docket.
(See Case No. 01 Civ. 9374, Document # 22.)

(Parole Hrg. Tr., at 3-4).[4]  In fact, despite Petitioner's
assertion to the contrary, no appeal was pending because Mr.
Landes had not filed a notice of appeal.

**B.    Petitioner is Paroled and Re-Arrested**

In early 1998, Petitioner was paroled for the firearm
offense.  Within four months, while still on parole, he was
arrested for a burglary.  He was convicted of Burglary in the
Second Degree (N.Y. Penal Law § 140.25) in Supreme Court,
Westchester County, and sentenced on September 24, 1999, to a
determinate prison term of fifteen years.  The Appellate
Division, Second Department, affirmed the conviction.  People v.
Carrion, 282 A.D.2d 543, 722 N.Y.S.2d 888 (2d Dep't), leave
denied, 96 N.Y.2d 860, 754 N.E.2d 1117, 730 N.Y.S.2d 34 (2001).
At the present time, Petitioner remains in custody of the New
York State Department of Corrections.

**C.    State Proceedings: Petitioner's Untimely Appeal**

On October 7, 1998, while awaiting trial for his
burglary arrest, Petitioner filed a motion in the Appellate
Division, First Department, for assignment of counsel and leave
to proceed with his appeal of the firearm conviction on the
original record. (Rodriguez Aff., 8/11/00, ¶ 5.)[5]  By Order dated

---

[4] The transcript of Petitioner's parole hearing appears in
the docket. (See Case No. 01 Civ. 9374, Document # 26.)

[5] Respondent's affidavit appears at Exhibit B to
Respondent's Answer and Exhibits.

5

May 20, 1999, the First Department construed the letter as a motion seeking an extension of time to file a notice of appeal, and denied it, citing Section 460.30(1) of the New York Criminal Procedure Law. <u>People v. Rodriguez</u>, M-2418, Ind. No. 3131/94 (1st Dep't May 20, 1999).[6] On June 28, 1999, pursuant to Section 460.30(6)(b), the Court of Appeals of New York denied leave to appeal. <u>People v. Rodriguez</u>, 93 N.Y.2d 978, 716 N.E.2d 1109, 695 N.Y.S.2d 64 (1999) (Smith, J.).

On July 12, 1999, two weeks after the Court of Appeals denied leave to appeal, Petitioner brought a motion in the First Department for reargument and renewal of the May 20, 1999 order, or alternatively for resettlement and clarification of the order. Petitioner contended that Mr. Landes failed to comply with his request to file a notice of appeal.  Petitioner argued that he was unaware of this failure until the May 20, 1999 order, and that he thought his instructions to Mr. Landes were sufficient to trigger the appeal process. (Rodriguez Aff., 7/7/99, ¶¶ 1-2.)[7] The State responded that the sentencing transcript reflected only Petitioner's intention to appeal, not any specific instruction to Mr. Landes to file the notice of appeal. (State Aff. in Response

---

[6] This Order appears at Exhibit B to Respondent's Answer and Exhibits.

[7] Petitioner's July 7, 1999 affidavit appears in the record at Exhibit E to the Affidavit of Bruno Gioffre accompanying Petitioner's motion to reargue.  The Gioffre affidavit appears in the docket. (<u>See</u> No. 00 Civ. 1399, Document # 5.)

¶ 5.)[8]  The First Department denied Petitioner's motion without opinion, People v. Rodriguez, M-4726, Index # 3131/94 (1st Dep't Oct. 5, 1999),[9] and the Court of Appeals again denied leave to appeal.  People v. Rodriguez, 94 N.Y.2d 866, 725 N.E.2d 1104, 704 N.Y.S.2d 542 (1999) (Levine, J.).

D.   **Petitioner's First § 2254 Motion and Coram Nobis Motion**

On January 10, 2000, eleven days after the Court of Appeals denied leave to appeal, Petitioner filed a 28 U.S.C. § 2254 motion for a writ of habeas corpus.  He attacked the conviction on four grounds: (1) illegal search and seizure, (2) ineffective assistance of counsel, (3) denial of his right to appeal and (4) denial of his right to a speedy trial.  Respondent opposed the motion.  On July 11, 2000, Magistrate Judge Peck issued a Report and Recommendation in which he found that the habeas petition should be dismissed without prejudice because Petitioner could have brought his ineffective assistance claim in state court via an application for a writ of error coram nobis. Rodriguez v. New York, No. 00 Civ. 1399(KMW)(AJP), 2000 WL 962748, at *2-3 (S.D.N.Y. July 11, 2000).  Magistrate Judge Peck advised Petitioner to move for the writ as soon as possible

_____

[8] The State's affidavit appears at Exhibit F to the Gioffre Affidavit.

[9] This Order appears at Exhibit B to Respondent's Answer and Exhibits.

because of timeliness concerns with respect to the habeas petition itself.  Id. at *5.

Petitioner brought his coram nobis motion on August 11, 2000, one month after Magistrate Judge Peck's recommendation and before the assigned district judge, the Honorable Kimba M. Wood, adopted it.  She did so on September 26, 2000.  Petitioner reiterated to the First Department that he believed his appeal was guaranteed because of Mr. Landes's statement on the record at sentencing, and that Mr. Landes was ineffective for not filing the notice of appeal. (Rodriguez Aff., 8/11/00, ¶¶ 4, 8.)[10]  The First Department denied the motion, finding Petitioner "barred from seeking coram nobis relief with respect to his attempts to perfect."  People v. Rodriguez, M-5794, Index No. 3131/94 (1st Dep't May 8, 2001).[11]

## E.   **Petitioner's Second § 2254 Motion**

On May 17, 2001, less than two weeks after the First Department denied his coram nobis motion, Petitioner returned to the Southern District of New York with a second habeas petition. The case again was assigned to Judge Wood, who referred it to Magistrate Judge Peck for a report and recommendation. Petitioner alleged the same four grounds as before.  Respondent

---

[10] Petitioner's August 11, 2000 affidavit appears in the record at Exhibit B to Respondent's Answer and Exhibits.

[11] This Order appears at Exhibit D to Respondent's Answer and Exhibits.

moved to dismiss on three grounds: (1) the habeas petition was
untimely under the one-year statute of limitations in the
Antiterrorism and Efficient Death Penalty Act ("AEDPA"), 28
U.S.C. § 2244(d), (2) Petitioner's claims for ineffective
assistance of counsel and denial of right to appeal were
procedurally barred under Section 460.30(1) of the Criminal
Procedure Law, and (3) Petitioner's search-and-seizure and
speedy-trial claims were procedurally barred because they were
not raised on direct appeal. (Resp. Mem. in Supp. of Ans. at 4-
20.)

On June 7, 2002, Magistrate Judge Peck appointed
counsel for Petitioner under the Criminal Justice Act, 18 U.S.C.
§ 3006A, and ordered counsel for both sides to file supplemental
papers on the procedural bar issue.  On October 10, 2002,
Magistrate Judge Peck ordered Petitioner and Mr. Landes to submit
affidavits describing their communications concerning an appeal.
Mr. Landes insisted that he handed the Notice, discussed supra p.
3, to the Petitioner and that the Petitioner never specifically
instructed him to file a notice of appeal. (Landes Aff.,
10/17/02, ¶¶ 4-5.)   Petitioner contended that while his only
discussion with Mr. Landes concerning an appeal focused on the
merits, he was under the impression that Mr. Landes would
prosecute the appeal and that such appeals take two years to

9

commence.  After two years passed, Petitioner filed a motion for appointment of new counsel. (Rodriguez Aff., 10/28/02, ¶¶ 2-5.)

Magistrate Judge Peck subsequently issued an order, dated December 12, 2002, directing the parties to address Section 606.5(b)(1) of the Rules of Practice of the First Department. This provision provides:

> Where there has been a conviction after trial or otherwise ... it shall be the duty of counsel, retained or assigned, immediately after the pronouncement of sentence ... to advise the defendant ... in writing of his right to appeal .... It shall also be the duty of such counsel to ascertain whether defendant ... wishes to appeal ... and, if so, to serve and file the necessary notice of appeal from a judgment of conviction ....

N.Y. Comp. Codes R. & Regs. tit. 22, § 606.5(b)(1).  In light of Section 606.5(b), Respondent conceded in a letter dated December 17, 2002, that Mr. Landes was ineffective for not filing the notice of appeal.[12]  Respondent maintained, however, that the habeas petition was untimely under the AEDPA and procedurally barred under Section 460.30(1).

On February 11, 2003, five days after hearing testimony from Petitioner regarding the appeal, Magistrate Judge Peck issued a Report and Recommendation in which he found Petitioner's motion untimely under the AEDPA.  Rodriguez v. New York, No. 01 Civ. 9374(KMW)(AJP), 2003 WL 289598, at *15-18 (S.D.N.Y. Feb. 11,

---

[12] This letter appears in the docket. (See No. 01 Civ. 9374, Document # 20.)

2003).  Magistrate Judge Peck also determined that Petitioner was not entitled to equitable tolling of the statute of limitations. Id. at *20.  By order dated September 1, 2004, Judge Wood rejected the Magistrate's recommendation and found the petition timely.  Rodriguez v. New York, No. 01-cv-09374(KMW)(AJP), slip op. at 5, 8-10 (S.D.N.Y. Sept. 1, 2004).  Judge Wood concluded that Petitioner reasonably believed that Mr. Landes was going to file his notice of appeal and was diligent in awaiting news of his appeal.  She noted that advice Petitioner received from other inmates -- that appeals take several years -- was sound.  Id. at 8-9.  Because she found the habeas petition timely, Judge Wood declined to reach Magistrate Judge Peck's finding that Petitioner was not entitled to equitable tolling.  Id. at 11-12.[13]

Respondent timely moved for reconsideration and reargument.  While this motion was sub judice, the matter was transferred to another district judge, the Honorable Kenneth M. Karas.  After oral argument on December 22, 2004, Judge Karas denied Respondent's motion, citing the stringent requirements of Local Civil Rule 6.3 and explaining that he was not sitting as a

---

[13] It is not necessary to reach this issue at this time.  If, down the road, the Second Circuit disagrees with Judge Wood's conclusion that the petition is timely under the AEDPA, and thus remands the case, the Court will consider Magistrate Judge Peck's recommendation concerning equitable tolling.

court of review. (Tr., 12/22/04, at 24-28.)[14]  During oral
argument, the parties had agreed that the petition should be
decided on the merits if Judge Karas denied the reconsideration
motion. (Tr., 12/22/04, at 14, 24.)  Judge Karas gave the parties
an opportunity to file supplemental papers on the merits by mid-
January 2005.  The docket reflects no additional filings.

On May 18, 2006, this matter was transferred to the
undersigned.  In accordance with the view of the parties at Judge
Karas's hearing, the Court now takes up the merits.

<u>**DISCUSSION**</u>

**A.   <u>Statutory and Constitutional Requirements</u>**

By its terms, 28 U.S.C. § 2254 is available only to
persons "in custody pursuant to the judgment of a State court."
At the time he filed the instant habeas motion, Petitioner was
incarcerated for a burglary committed while on parole from the
firearm conviction now at issue.  The burglary conviction
resulted in a revocation of his parole by operation of law.  <u>See</u>
N.Y. Exec. Law § 259-i(3)(d)(iii).  This satisfies the "in
custody" requirement of Section 2254.  <u>See</u> <u>Spencer v. Kemna</u>, 523
U.S. 1, 7 (1998) ("[Petitioner] was incarcerated by reason of the
parole revocation at the time the petition was filed, which is
all the "in custody" provision ... requires.").

--------

[14] The transcript of this hearing appears in the docket.
(<u>See</u> No. 01 Civ. 9374, Document # 45.)

The Court also determines, <u>sua sponte</u>, that there is no case-or-controversy problem under Article III, Section 2, of the Constitution.[15]  An incarcerated prisoner's habeas motion will present a live controversy because the incarceration itself is the injury.  <u>See</u> <u>Spencer</u>, 523 U.S. at 7.  Petitioner indeed is incarcerated, but for a subsequent crime.  Nevertheless, the courts "presume that a wrongful criminal conviction has continuing collateral consequences." <u>Id.</u> at 8.  Petitioner claims that he has been thwarted from appealing his firearm conviction because of ineffective assistance of counsel.  He thus suffers all of the collateral consequences of that conviction. <u>See</u> <u>Sibron v. New York</u>, 392 U.S. 40, 55 (1968) (noting "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences").  This habeas motion, if granted, would lift the procedural bar that prevents him from appealing the conviction.[16]  His motion, therefore, presents a live case or controversy.

_____

[15] Respondent does not make a mootness argument.  The Court addresses the issue <u>sua sponte</u> because a live case-or-controversy is a jurisdictional prerequisite.  <u>See</u> <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990).

[16] In an unpublished decision, which this Court cites for informational, not precedential, purposes, the Court of Appeals for the Fifth Circuit reached the same conclusion with respect to this issue.  <u>See</u> <u>Dickey v. Booker</u>, No. 99-60204, 2000 WL 1910160, at *2 (5th Cir. Dec. 21, 2000).

**B.**   **Procedural Default**

Under New York law, Petitioner had the right to file a notice of appeal of his conviction within thirty days of his sentence.  See N.Y. Crim. Proc. Law § 460.10(1)(a).  This deadline was August 14, 1996.  Section 460.30(1) of the Criminal Procedure Law, cited in the First Department's May 20, 1999 order, provides that a defendant who has failed to file a timely notice of appeal may make a motion in the intermediate appellate court for relief from the filing deadline, under certain enumerated circumstances, as long as the motion is made "with due diligence after the time for taking such appeal has expired, and in any case not more than one year thereafter."  N.Y. Crim. Proc. Law § 460.30(1).  One of the circumstances is "improper conduct ... of the defendant's attorney."  Id.  The last day for Petitioner to bring a Section 460.30(1) motion was August 14, 1997, nearly fourteen months before Petitioner mailed his letter to the First Department.  When Petitioner missed the Section 460.30(1) deadline, he found himself against a jurisdictional wall in the New York state courts.  See People v. Thomas, 47 N.Y.2d 37, 43, 389 N.E.2d 1094, 416 N.Y.S.2d 573 (1979) ("We remain convinced that strict construction is appropriate since the time limits within which appeals must be taken are jurisdictional in nature and courts lack inherent power to modify or extend them.").

It is settled that "[f]ederal habeas courts do not generally entertain arguments that were procedurally defaulted in the state court if the finding of default constitutes an 'independent and adequate state ground' for the state court's decision." Brown v. Miller, 451 F.3d 54, 56 (2d Cir. 2006). Section 460.30(1) was an "independent and adequate" ground for the repeated state court denials of Petitioner's motions for leave to appeal. See Wedra v. Lefevre, 988 F.2d 334, 339-40 (2d Cir. 1993) (denial of extension of time to seek leave to appeal under Section 460.30 was based on an independent and adequate state procedural rule).[17]  Petitioner thus has procedurally defaulted his claim of ineffective assistance of counsel.

While Section 460.30 may deprive the New York courts of jurisdiction, Petitioner has a last resort in federal court.  As the Supreme Court has held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state

---

[17] In Restrepo v. Kelly, 178 F.3d 634, 641 (2d Cir. 1999), the Second Circuit suggested that Section 460.30(1)(a) did not constitute an "adequate" state ground barring habeas review in a case involving the denial of a direct appeal.  On the other hand, the Circuit consistently has defined "adequate" as "firmly established and regularly followed by the state in question." See, e.g., Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006). There is no allegation from Petitioner that New York applies Section 460.30 in an inconsistent manner.

The Court need not resolve this apparent conflict because, as in Restrepo, the "independent and adequate" issue is not outcome determinative.  In Restrepo, as here, the case turned on cause and prejudice, discussed infra, pp. 16-19.

15

procedural rule, federal habeas review of the
claims is barred unless the prisoner can
demonstrate cause for the default and actual
prejudice as a result from the alleged violation of
federal law, or demonstrate that failure to
consider the claims will result in a fundamental
miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.
Ed. 2d 640 (1991).  The Court therefore turns to an analysis of
cause and prejudice.

C.   **Cause**

        The Court finds that cause exists for Petitioner's
procedural default.  "'[T]he right to be represented by counsel,'
on direct appeal from a conviction as well as at the criminal
trial, 'is among the most fundamental of rights.'"  Restrepo v.
Kelly, 178 F.3d 634, 639 (quoting Penson v. Ohio, 488 U.S. 75,
84-85, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988)).  In this
context, the Supreme Court has explained:

        Attorney ignorance or inadvertence is not 'cause'
        ....  Attorney error that constitutes ineffective
        assistance of counsel is cause, however....  [I]f
        the procedural default is the result of ineffective
        assistance of counsel, the Sixth Amendment itself
        requires that responsibility for the default be
        imputed to the State....  In other words, it is not
        the gravity of the attorney's error that matters,
        but that it constitutes a violation of petitioner's
        right to counsel, so that the error must be seen as
        an external factor, i.e., imputed to the State.

Coleman, 501 U.S. at 753-54, 111 S. Ct. 2546, 115 L. Ed. 2d 640
(citations and internal quotation marks omitted).  In Coleman,
the Supreme Court held that the attorney's failure to file a

16

notice of appeal in collateral proceedings -- where there is no constitutional right to counsel -- did not constitute cause to excuse the procedural default. Id. at 752. In Restrepo, cited supra, the Second Circuit, distinguishing Coleman, concluded that ineffective assistance of counsel on direct appeal, by contrast, was a Sixth Amendment violation that constituted an "external error" and, thus, "cause" for a habeas petitioner's procedural default. Restrepo, 178 F.3d at 640-41.

Respondent has conceded that Mr. Landes was ineffective for not filing Petitioner's notice of appeal in accordance with Section 606.5(b)(1) of the First Department Rules, as discussed supra, p. 10. Respondent argues, however, "whatever it is that is alleged as cause for a default, that cause must have been the reason that the habeas corpus petitioner was unable to comply with the state's procedural rule." (Resp. Mem. of Law at 13.) In other words, "counsel's failure to file a timely notice of appeal may be the reason a petitioner would be obliged to file a CPL Section 460.30 motion, but it cannot be the cause of his failure to timely do so." (Resp. Mem. of Law at 14.)

The Court rejects Respondent's argument. Mr. Landes's failure to comply with Section 606.5(b)(1) of the First Department Rules was not just ineffectiveness, but a "constructive denial" of Petitioner's Sixth Amendment right to counsel. See Restrepo, 178 F.3d at 640 (quoting Castellanos v.

<u>United States</u>, 26 F.3d 717, 718 (7th Cir. 1994)) ("'[I]f the
defendant told his lawyer to appeal' from the conviction, 'and
the lawyer dropped the ball, then the defendant has been
deprived, not of effective assistance of counsel, but of <u>any</u>
assistance of counsel on appeal.  Abandonment is a <u>per se</u>
violation of the sixth amendment.'").  While it is true that
Petitioner did not explicitly tell his lawyer to file a notice of
appeal, Section 606.05(b)(1) imposed that duty on the lawyer once
he was aware of Petitioner's desire to appeal.  The lawyer did
not comply with this duty; i.e., he "dropped the ball."  This was
a Sixth Amendment violation -- an external error that "must be
... imputed to the State."  <u>Coleman</u>, 501 U.S. at 754, 111 S. Ct.
2546, 115 L. Ed. 2d 640.

        Respondent contends that Petitioner did not file the
Section 460.30 motion because he was not diligent. (Resp. Reply
Mem. of Law at 3.)  Indeed, the instant case is distinguishable
from the otherwise similar <u>Restrepo</u> in this respect.  In
<u>Restrepo</u>, the attorney falsely assured the defendant more than
once that an appeal had been filed.  <u>Restrepo</u>, 178 F.3d at 640.
Mr. Landes gave Petitioner no such assurances, nor did Petitioner
make any inquiries of Mr. Landes.  Nevertheless, Judge Wood has
already found that Petitioner, proceeding <u>pro se</u> from the inside
of a state prison, acted diligently for the purposes of the AEDPA
statute of limitations.  Given Judge Wood's AEDPA analysis, the

18

Court concludes that Petitioner was diligent with respect to his October 7, 1998 motion for appointment of counsel, which the First Department construed as a Section 460.30 motion.

**D.   <u>Prejudice</u>**

A claim of ineffectiveness will not succeed unless "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  The Supreme Court pointed out in <u>Strickland</u>, however, that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." <u>Id.</u> at 692.  This presumption "must extend as well to the denial of counsel on appeal." <u>Penson v. Ohio</u>, 488 U.S. 75, 88, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988).

Petitioner is entitled to the presumption.  Mr. Landes's failure to file the notice of appeal was both ineffective assistance and a constructive denial of counsel.  The Court need not speculate as to the outcome of this case if Petitioner had been able to appeal.  As Respondent has conceded the ineffectiveness, and the Court has found this ineffectiveness to be the cause of the procedural default, prejudice <u>per se</u> exists.  See <u>Restrepo</u>, 178 F.3d at 641-42.

19

E.    **Petitioner's Other Claims**

            Petitioner makes two claims in his pro se § 2254

petition independent of his claims concerning his appeal. He

contends that he was denied his Fourth Amendment right to be free

of unreasonable searches and seizures and that he was denied a

speedy trial. Petitioner's memorandum of law, filed by his

court-appointed counsel, does not mention either of these claims.

Because Petitioner has succeeded on his ineffectiveness claim,

the Court need not reach the other claims at this time.

### CONCLUSION

            The petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 is conditionally granted. Respondent is directed

to take any necessary steps to afford Petitioner a direct appeal

of his conviction for Criminal Possession of a Weapon in the

Third Degree. If Petitioner files a notice of appeal with the

New York State Courts within 45 days of the date of this Order,

such notice shall be timely.

            SO ORDERED.

Dated: New York, New York
       September   5   , 2006

                                        JOHN F. KEENAN
                                        United States District Judge

20